**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**BLISS A. JOHNSON, Individually,**
**BLISS B. JOHNSON, Individually,**
**KIA JOHNSON, Individually,**

    **Plaintiffs,**

**v.**                                 **CIVIL ACTION NO.: <u>3:21-CV-00242</u>**
                                               **Judge Chambers**

**BRIAN D. HALL, Individually,**
**XERXES RAHMATI, Individually,**
**SCOTT A. LOWTHER, Individually,**
**KENNY DAVIS, Individually,**
**BRIAN LOCKHART, Individually,**
**PUTNAM COUNTY COMMISSION,**
**a political subdivision of the State of West**
**Virginia, JOHN DOE, an individual,**

    **Defendants.**

<u>**ANSWER OF DEFENDANT KENNY DAVIS TO PLAINTIFFS' COMPLAINT**</u>

NOW COMES the defendant, Kenny Davis, by counsel, and for his Answer to the Complaint filed against him by plaintiffs, states as follows:

<u>**PARTIES**</u>

1.    This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Complaint and, therefore, denies the same.

2.    This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Complaint and, therefore, denies the same.

3.      This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint and, therefore, denies the same.

4.      This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same.

5.      This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same.

6.      This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same.

7.      This defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

8.      This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Complaint and, therefore, denies the same.

9.      This defendant admits the allegations in Paragraph 9 of Plaintiffs' Complaint.

10.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies the same.

## FACTS

11.     In response Paragraph 11 of Plaintiffs' Complaint, Defendant Davis was not present at the Elswick home that day, and therefore is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint and, therefore, denies the same.

12.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same.

13.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 13 of Plaintiffs' Complaint and, therefore, denies the same.

14.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same.

15.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same.

16.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' Complaint and, therefore, denies the same.

17.     This defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' Complaint and, therefore, denies the same.

19.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint and, therefore, denies the same.

20.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' Complaint and, therefore, denies the same.

21.     This defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint and demands strict proof thereof.

22.     This defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint and demands strict proof thereof.

23.     This defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint and demands strict proof thereof.

24.     This defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint and demands strict proof thereof.

25.     This defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint and demands strict proof thereof.

26.      This defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint and demands strict proof thereof.

27.     This defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint and demands strict proof thereof.

28.     This defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint and demands strict proof thereof.

29.     This defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint and demands strict proof thereof.

30.     This defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint and demands strict proof thereof.

31.     This defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint and demands strict proof thereof.

32.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint and, therefore, denies the same.

33.     This defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint and demands strict proof thereof.

34.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint and, therefore, denies the same.

35.     This defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint and demands strict proof thereof.

36.     This defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint and demands strict proof thereof.

37.     This defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint and demands strict proof thereof.

38.     This defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint and demands strict proof thereof.

39.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint and, therefore, denies the same.

40.     This defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT ONE – UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

41.     In response to Paragraph 41 of Plaintiffs' Complaint, this defendant hereby incorporates by reference, as fully stated herein, his responses to Paragraphs 1 to 40 of Plaintiffs' Complaint, contained herein above.

42.     This defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint and demands strict proof thereof.

43.     In response to Paragraph 43 of Plaintiffs' Complaint, this defendant admits that no warrant was obtained as none was necessary since the occupants consented to allowing the officers into the home.

44.     This defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint and demands strict proof thereof.

45.     This defendant is without sufficient information, knowledge, or belief to either admit or deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint and, therefore, denies the same.

46.     This defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint and demands strict proof thereof.

47.     This defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint and demands strict proof thereof.

48.     This defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint and demands strict proof thereof.

49.     This defendant denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT TWO – MONELL CLAIM

50.     In response to Paragraph 50 of Plaintiffs' Complaint, this defendant hereby incorporates by reference, as fully stated herein, his responses to Paragraphs 1 to 49 of Plaintiffs' Complaint, contained herein above.

51.     This defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint and demands strict proof thereof.

52.     This defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint and demands strict proof thereof.

53.     This defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint and demands strict proof thereof.

54.     This defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint and demands strict proof thereof.

## COUNT THREE – SUPERVISORY LIABILITY

55.     In response to Paragraph 55 of Plaintiffs' Complaint, this defendant hereby incorporates by reference, as fully stated herein, his responses to Paragraphs 1 to 54 of Plaintiffs' Complaint, contained herein above.

56.     This defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint and demands strict proof thereof.

57.     This defendant denies the allegations contained in Paragraph 57 of Plaintiffs' Complaint and demands strict proof thereof.

58.     This defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint and demands strict proof thereof.

59.     This defendant denies each and every allegation to the Complaint which is not specifically and expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs have failed to allege a cause of action against Defendant Davis that may result in a verdict in favor of the Plaintiffs and against him.

### **SECOND AFFIRMATIVE DEFENSE**

Defendant Davis states that at all times relevant hereto, he acted in good faith and in accordance with clearly established law.

### **THIRD AFFIRMATIVE DEFENSE**

Probable cause existed at all times for the actions taken by Defendant Davis.

### **FOURTH AFFIRMATIVE DEFENSE**

Any and all damages incurred by the Plaintiffs were the direct and proximate result of the actions or omissions of the Plaintiffs or a person or entity other than Defendant Davis and are in no way attributable to any wrongdoing on the part of Defendant Davis.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Davis pleads all immunities and defenses available to him under the Governmental Torts Claims and Insurance Reform Act, W.Va. Code § 29-12A-1, *et seq*.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Davis raises each and every affirmative defense or matter constituting an avoidance under Rules 8, 9 and 12 under the Federal Rules of Civil Procedure, to the extent that the same may appear applicable, as well as any and all other defenses which may be revealed as appropriate during discovery.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Davis asserts the affirmative defenses of comparative negligence, contributory negligence, assumption of the risk, estoppel, waiver, statute of limitations, laches, and all other defenses which may be applicable and are required to be affirmatively pled.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Davis reserves the right to file additional affirmative defenses, counterclaims, crossclaims, and/or third party claims if a sufficient or factual basis therefore is developed through continuing investigation and discovery.

## NINTH AFFIRMATIVE DEFENSE

At all times material herein, Defendant Davis acted in an objectively, reasonable manner and did not violate any legal rights of the Plaintiffs of which Defendant Davis knew or in the exercise of reasonable diligence should have known.

## TENTH AFFIRMATIVE DEFENSE

Defendant Davis is entitled to qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims presented in the Complaint are or may be barred by the Plaintiffs' failure to mitigate damages, if any, in the manner and to the extent required by applicable law.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Davis is immune from liability pursuant to *West Virginia Code,* § 29-12A-4 *et seq.* absent bad faith, malicious, wanton, or reckless conduct, and did not engage in any bad faith, malicious, wanton, or reckless conduct on the date and time described in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant Davis is immune from liability for state law claims pursuant to *W. Va. Code*, 29-12A-5(b)(1)-(3) because he acted within the scope of his employment and official responsibilities as employees of a political subdivision and did not act with a malicious purpose, in bad faith or in a wanton or reckless manner.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant Davis did not commit any violation of the United States Constitution, Constitution of the State of West Virginia, or any other Federal or State law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant Davis denies that his actions deprived Plaintiffs of any right, privilege, or immunity secured by the United States Constitution and laws or the Constitution of the State of West Virginia.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are not cognizable claims under 42 U.S.C. §1983. Furthermore, Defendant Davis hereby invokes any and all defenses and or immunities provided by 42 U.S.C. § 1983, *et seq.* and any and all corresponding case law and statutes interpreting the same.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs negligently or intentionally caused or contributed to their injuries and damages for which they now seek remuneration in their Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovering punitive damages against Defendant Davis pursuant to *West Virginia Code* § 29-12A-7(a) which prohibits an award of punitive or exemplary damages against a political subdivision or its employees acting in the scope of their employment.

**NINETEENTH AFFIRMATIVE DEFENSE**

Although Defendant Davis denies that he is liable for Plaintiffs' state law claims, Plaintiffs' non-economic damages, if any, are limited by *West Virginia Code*, § 29-12A-7(b).

**TWENTIETH AFFIRMATIVE DEFENSE**

The Complaint, to the extent that it seeks punitive damages under 42 U.S.C. §1983, fails because the conduct of Defendant Davis was neither motivated by evil motive or intent, nor did the conduct of Defendant Davis involve reckless or callous indifference to Plaintiffs' federally protected rights.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to punitive damages against Defendant Davis, or in the alternative, the punitive damages Plaintiffs seek would violate Defendant Davis' rights under the United States and West Virginia Constitution, as more particularly explained hereafter.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint, to the extent that it seeks punitive damages from Defendant Davis, violates Defendant Davis' right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the

State of West Virginia and violates this Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia; therefore, Plaintiffs fail to state a cause of action upon which punitive damages can be awarded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

By virtue of the matters set forth in the Complaint and all of the defenses herein set forth, the Plaintiffs are not entitled to any punitive damages as alleged in the Complaint for the reasons that the alleged conduct of Defendant Davis cannot be determined in any manner to have been in willful, wanton or reckless disregard for the rights of the Plaintiffs, nor did Defendant Davis willfully, wantonly or recklessly commit any tortuous acts against the Plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Davis denies that he engaged in any conduct that violated any of the laws set forth in 42 U.S.C.S. § 1988(b) such that Plaintiffs are not entitled to attorney's fees.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant Davis reserves the right to seek attorneys' fees pursuant to 42 U.S.C.S. § 1988(b) from Plaintiffs such that Plaintiffs' claims have been either frivolous, unreasonable, or groundless, or the Plaintiffs continued to litigate after the claim clearly became so.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant Davis reserves the right to file such cross-claims, counterclaims, and third-party complaints and other pleadings as may be revealed to be appropriate through discovery as well as reserving the right to seek comparative contribution and/or indemnity against anyone as may prove appropriate.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs, by their conduct, have waived their right to assert this cause of action.

**WHEREFORE**, defendant, Kenny Davis, prays that the plaintiffs' Complaint be dismissed, that all relief prayed for therein be denied, and that he be granted his attorney's fees and court costs incurred in and about the defense of this action.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**KENNY DAVIS,**

**By counsel,**

s/ James C. Stebbins, Esq.

James C. Stebbins, Esq., WVSB No. 6674
**LEWIS GLASSER PLLC**
P. O. Box 1746
Charleston, WV  25326
Telephone:     (304) 345-2000
Facsimile:      (304) 343-7999
jstebbins@lewisglasser.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT HUNTINGTON**

**BLISS A. JOHNSON, Individually,**
**BLISS B. JOHNSON, Individually,**
**KIA JOHNSON, Individually,**

     **Plaintiffs,**

**v.**                      **CIVIL ACTION NO.:  <u>3:21-CV-00242</u>**
                                  **Judge Chambers**

**BRIAN D. HALL, Individually,**
**XERXES RAHMATI, Individually,**
**SCOTT A. LOWTHER, Individually,**
**KENNY DAVIS, Individually,**
**BRIAN LOCKHART, Individually,**
**PUTNAM COUNTY COMMISSION,**
**a political subdivision of the State of West**
**Virginia, JOHN DOE, an individual,**

     **Defendants.**

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on September 15, 2021, I electronically filed the foregoing **ANSWER**

**OF DEFENDANT KENNY DAVIS TO PLAINTIFFS' COMPLAINT** with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

John H. Bryan, Esq.
John H. Bryan, Attorney at Law
P. O. Box 366
Union, WV 24983
**COUNSEL FOR PLAINTIFFS**

Charles R. Bailey, Esq.
Jeffrey M. Carder, Esq.
Bailey & Wyant, PLLC
P. O. Box 3710
Charleston, WV  25337
**COUNSEL FOR PUTNAM COUNTY COMMISSION**

s/ James C. Stebbins, Esq.

James C. Stebbins, Esq., WVSB No. 6674
**LEWIS GLASSER PLLC**
P. O. Box 1746
Charleston, WV  25326
Telephone:      (304) 345-2000
Facsimile:      (304) 343-7999
jstebbins@lewisglasser.com
***Counsel for Kenny Davis***